IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,432-01






EX PARTE WESTON EDWARD SEIBERT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F02-47175-TQ IN THE 204
TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per Curiam.

ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court the record on this application for a writ
of habeas corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant
was convicted of murder and sentenced to twenty-five years' imprisonment. The Fifth Court
of Appeals affirmed his conviction. Seibert v. State, No. 05-03-01131-CR (Tex.
App.-Dallas 2004, pet. ref'd) (not designated for publication).

 Applicant contends that his trial attorney rendered ineffective assistance of counsel
because: (1) counsel failed to present an insanity defense even though he had hired an expert
who examined applicant prior to trial; (2) counsel failed to object to the prosecutor's
misstatement of the law of self-defense during the voir dire process; and (3) counsel failed
to present sufficient evidence of applicant's good character and history of childhood abuse. 
Upon the trial court's request, applicant's trial counsel submitted an affidavit addressing
applicant's claims. The trial court entered findings of fact based upon a review of
applicant's writ application, counsel's affidavit, and the trial court's records. Specifically,
the trial court found that counsel's affidavit statements "are worthy of belief" and are "true,
correct, and dispositive[.]" The trial court concluded that applicant "was in no way denied
his right to effective assistance of counsel at trial."

 However, the trial court's findings do not specifically address the facts as asserted by
applicant or by his trial counsel. Nonetheless, this Court has undertaken an independent
review of all the evidence in the record and we conclude that applicant is not entitled to
relief.

 With regard to applicant's first claim-that his attorney failed to assert an insanity
defense at his retrial even though he had retained the services of an expert to examine
applicant before the first trial-counsel states in his affidavit that the expert never claimed that
applicant was insane at the time of the offense. Counsel asserts that the expert told him that
she could not reach such a conclusion because applicant was so intoxicated at the time of the
incident. Counsel states that the expert believed that applicant suffered from diminished
capacity, but was not allowed to testify at the first trial because "the law does not allow a
claim of diminished capacity due to voluntary intoxication to negate the required mental
state." 

 The expert's report, submitted with applicant's writ application, was not prepared at
the time of her examination of applicant or before the first or second trial. It was prepared
on April 15, 2006, apparently for the preparation of this writ application. Although the
expert's 2006 report concludes that applicant's mental condition met the legal definition of
insanity at the time of the offense (and she has submitted an affidavit stating that she
conveyed this opinion to counsel before trial), the trial court was entitled to credit counsel's
conflicting affidavit over the expert's. 

 Applicant's second allegation is that counsel was ineffective for failing to object
during voir dire when the prosecutor misstated the burden of proof on the issue of self-defense. Applicant cites to the record of the voir dire in which the prosecutor told the venire
panel that self-defense is an affirmative defense, with the burden of persuasion on the
defense.

 Applicant is correct. Self-defense is not an affirmative defense. Once the defense
presents "some evidence" of self-defense, the State must persuade the jury beyond a
reasonable doubt that the defendant did not act in self-defense. Saxton v. State, 804 S.W.2d
910, 913 (Tex. Crim. App. 1991). We have examined the full voir dire record and it does
support applicant's claim that the prosecutor not only misstated the law of self-defense
during voir dire, but actually committed individual jurors to that incorrect standard of proof.

 During the defense voir dire, counsel told the panel that the issue of self-defense could
be raised by the State's evidence:

Counsel: The law doesn't say the defendant must prove self-defense; it says that the
evidence must raise it. It can be raised by the State's own witnesses.


State: I object. That's a misstatement of the law. The law clearly states that the
Defendant has the burden of proof when they raise an affirmative defense, and
they have to prove it by a preponderance of the evidence.


Counsel: But it does not have to be proved by the Defendant.


Court: It can be raised by any testimony. Go ahead.


Defense: It can be raised by any testimony, folks, and once it's raised, there's no is it or
isn't it. The question becomes in light of what we've heard on that issue, do
we have a reasonable doubt about whether the State has proven their case,
okay?


Counsel did not object to the prosecutor's incorrect statement of the law concerning the
burden of proof on the issue of self-defense, although he did provide a correct statement of
the law during his own voir dire. Further, the trial court's jury instruction contained a proper
instruction on self-defense, but it did not specifically indicate who bore the burden of proof
to show self-defense. 

 It appears from the record of voir dire that defense counsel did not object to the
prosecutor's misstatement of the law and that this failure was deficient performance. 
However, we conclude that the trial court did not err in concluding that applicant "failed to
sustain his burden of proof" in showing, by a preponderance of the evidence, that this failure
prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 692 (1984) (to establish
prejudice, "a defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been different.").

 Applicant's primary issue on appeal was whether the evidence was "legally and
factually insufficient to support a finding that he did not act in self-defense." Seibert, slip
op. at 1. As the court of appeals noted, applicant testified at trial that he did not remember
the events that led up to his shooting of Eddie Barrett, a security guard at a mall where
applicant drove his disabled car after having crashed it on the freeway. He remembered
crashing his car on the freeway, and he remembered firing his gun: the "flash . . . loud
sounds, really louds [sic] sounds or flashes, lights, things of that nature." Shortly after the
shooting, applicant gave a statement to police, stating, that, after he crashed his car,

 I pulled the car off the road and I don't remember exactly how I got it but
somehow I got my gun from the tank bag which I normally keep behind the
seat of my truck. I remember being in an industrial area after that and being
approached by a police officer or someone like that. The police officer was
saying something to me but I couldn't understand anything he said. All of a
sudden I got the gun in my hand and for some reason I started shooting the
man. I didn't need a reason at all, I just shot him. I remember seeing someone
else there and so I started to walk away. I think the other man was a police
officer too but I'm not sure. The next thing I remember was the police chasing
me. I remember flashing lights and a helicopter and then they finally caught
me in a residential area.


 In the court of appeals, applicant contended that the evidence was insufficient to reject
his claim of self-defense because Eddie Barrett was the aggressor. He argued that "Barrett's
refusal to allow [applicant] to leave the parking lot, his confrontation of [applicant], and his
removal of 'a weapon'-the mace-from his holster amounted to aggression sufficient to
support his claim of self-defense." Slip op. at 10. The court of appeals rejected this claim
because applicant did not remember any events that led up to the shooting, and "[t]here was
no evidence that appellant thought Barrett was carrying anything other than mace. The only
evidence of self-defense was [applicant's] assumption that he would not have shot Barrett
unless there was 'no other option'. Additionally [applicant] stated that 'an ordinary and
prudent human being . . . in full command of [his] reasoning and [his] faculties' would not
view a can of mace as grounds for deadly force." Slip op. at 10-11.

 Given the state of the evidence before the jury and the lack of any significant evidence
that specifically raised a factual claim of self-defense, we conclude that applicant was not
prejudiced by counsel's failure to object to the prosecutor's misstatement of law concerning
self-defense during the voir dire process. 

 Applicant's third allegation of ineffective assistance was that counsel failed to present 
evidence and testimony during the punishment phase as to applicant's good character and
history of childhood abuse. Applicant provided affidavits from the mental health expert, who
would have testified to applicant's background of abuse, and from several people who knew
him and would have testified to his good character. 

 In his affidavit, counsel states that the jury "heard ample evidence of [applicant's]
background and mitigating factors before deciding on applicant's sentence," and notes that
it was a "very difficult case because of the background and character of both the applicant
and the decedent." We agree with the trial court's ultimate conclusion that applicant has
failed to carry his burden of showing, by a preponderance of thee evidence, that the jury's
assessment of punishment would likely have been lessened had more witnesses testified to
his positive character traits and his childhood history.

 Therefore, based upon the trial judge's findings and this Court's independent review
of the entire record, we DENY relief on applicant's writ of habeas corpus.

 IT IS SO ORDERED ON THIS THE 18th DAY OF APRIL, 2007.


Filed: April 18, 2007

Do Not Publish